# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MORTGAGE NETWORK, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>JOSE CRUZ ORTIZ-RAMIREZ and NOEMI GAONE de ORTIZ,<br><br>           Defendants. | 1:08-cv-0955 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 8/14/09<br><br>Non-Dispositive Motion Filing Deadline: 8/31/09<br><br>Dispositive Motion Filing Deadline: 9/15/09<br><br>Settlement Conference Date: 8/26/09 10:00 Ctrm. 7<br><br>Pre-Trial Conference Date: 11/23/09 11:00 Ctrm. 3<br><br>Trial Date: 1/5/10 9:00 Ctrm. 3 (CT-2 days) |

I.   Date of Scheduling Conference.

    October 9, 2008.

II.  Appearances Of Counsel.

    K&L Gates LLP by Ramiz I. Rafeedie, Esq., appeared on behalf of Plaintiff.

    Williams Jordan & Brodersen, LLP by Steven R. Williams, Esq., appeared on behalf of Defendants.

///

1

III.  Summary of Pleadings.

    1.   This action arises under 15 U.S.C. § 1635 of the Truth in Lending Act ("TILA"), which governs the procedures upon rescission of a loan made under TILA.  Plaintiff American Mortgage Network, Inc. ("Plaintiff") is a lender that made a $220,000 mortgage loan to Defendants Jose Cruz Ortiz-Ramirez and Noemi Gaona de Ortiz ("Defendants") secured by a deed of trust of Defendants' home.  Defendants rescinded the loan in January 2008.

    2.   A dispute has arisen about how the rescission should proceed under Section 1635.  Plaintiff takes the position that before its security interest in the home is extinguished, Defendants must tender to Plaintiff the original principal loan balance.  Plaintiff, therefore, requests this Court exercise its equitable relief in rearranging the order of rescission pursuant to Section 1635.

    3.   Defendants take the position that Plaintiff has revoked any purported rescission and that Defendants have now tendered payment of all past due sums in the amount calculated by Plaintiff to reinstate the loan.

IV.  Orders Re Amendments To Pleadings.

    1.   The parties do not presently contemplate amending the pleadings.

V.  Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff American Mortgage Network, Inc., is a Delaware corporation doing business in the State of California as a mortgage lender.

      2. Defendants are individual residents of the State of California and the Eastern District of California at the times alleged in the complaint.

      3. Plaintiff made a $220,000 mortgage loan to Defendants secured by a deed of trust on Defendants' home.

      4. Defendants rescinded the loan in January 2008.

      5. This dispute concerns whether and to what extent and under what circumstances rescission should proceed.

      6. Defendants have not returned the original principal balance of the loan to Plaintiff.

      7. Plaintiff has not extinguished its security interest in the real property.

    B. Contested Facts.

      1. All remaining facts are contested.

VI. Legal Issues.

    A. Uncontested.

      1. Jurisdiction exists under 28 U.S.C. § 1331.

      2. Venue is proper under 28 U.S.C. § 1391.

    B. Contested.

      1. All remaining legal issues are in dispute.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with

its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties do not suggest that changes be made in discovery requirements under the Federal Rules of Civil Procedure.

    2.   The initial disclosures shall be made on or before October 24, 2008.

    3.   The parties are ordered to complete all non-expert discovery on or before June 15, 2009.

    4.   The parties are directed to disclose all expert witnesses, in writing, on or before June 22, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before July 22, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.   The parties are ordered to complete all discovery, including experts, on or before August 14, 2009.

    6.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and

4

opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before August 31, 2009, and heard on October 2, 2009, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than September 15, 2009, and will be heard on October 19, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   November 23, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict

compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   January 5, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a court trial.

    3.   Counsels' Estimate Of Trial Time:

       a.   1-2 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for August 26, 2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works

outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

       a.   A brief statement of the facts of the case.

       b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e. The relief sought.

    f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. None.

XVI. Related Matters Pending.

  1. There are no related matters.

XVII. Compliance With Federal Procedure.

  1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

  1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:  October 16, 2008**          /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE